UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Crim. No. 6:14-cr-00044-GFVT-HAI-1 |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| KEVIN SCOTT CRIDER, ) | **&** |
| ) | **ORDER** |
| Defendant. ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Crider's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). [R. 63.] For the reasons that follow, Mr. Crider's Motion is **DENIED**.

**I**

Following his guilty plea, Mr. Crider was convicted of two counts of distributing child pornography. [R. 54.] On April 18, 2016, he was sentenced to 144 months of incarceration followed by 15 years of supervised release. [R. 53]; [R. 54.] He now moves for compassionate release, arguing that his father is incapacitated and in need of care. [R. 63.]

**II**

**A**

First, the Court addresses the exhaustion requirement. *See United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). The First Step Act altered the compassionate release provision of 18 U.S.C. § 3582, allowing a defendant to move for a sentence reduction, whereas previously only the Bureau of Prisons could do so. Pub. L. No. 115-391, § 603(b)(1), 132 Stat.

5194. But a defendant must first demonstrate that he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020) ("[D]efendants now may bring reduction-of-sentence motions on their own once they exhaust any administrative remedies or wait 30 days from the date they request relief from the Bureau of Prisons").

The Government recognizes that Mr. Crider exhausted his administrative remedies. [R. 66 at 2.] Mr. Crider submitted a request for compassionate release to the Warden at Butner Federal Correctional Complex on October 11, 2023. [R. 63 at 17.] The Warden denied his request on November 30, 2023. *Id.* at 21. Mr. Crider's Motion (transmitted by mail) was filed on January 3, 2024. Accordingly, the Court will proceed to the merits of Mr. Crider's motion.

**B**

**1**

Under the plain text of § 3582(c)(1)(A), compassionate release "is discretionary, not mandatory." *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020). At the Court's discretion, § 3582 allows for modification of a term of imprisonment if the following substantive requirements are met: (1) a finding that extraordinary and compelling reasons merit a reduction in sentence; (2) a finding that the reduction in sentence is consistent with applicable Sentencing Commission policy statements; and (3) a finding that applicable 18 U.S.C. § 3553(a) factors support release. On November 1, 2023, the Sentencing Commission policy statements were updated to apply to prisoner filed motions. As such, district courts analyzing motions filed by prisoners after November 1, 2023, consider U.S.S.G. § 1B1.13 in their analysis. *United States v. Whitworth*, No. 1:23-cr-561-4, 2023 WL 8190131, at *2 (N.D. Ohio Nov. 27, 2023) ("A new

United States Sentencing Commission policy statement now applies to 18 U.S.C. § 3582(c)(1)(A) motions brought by inmates after November 1, 2023."); *United States v. Harris*, No. 23-5187, 2023 WL 10294625, at *2 (6th Cir. Dec. 4, 2023) (considering the updated policy statements). Accordingly, the Court considers the updated policy statements in its analysis.

### 2

The updated policy statements "provide[] a non-exhaustive list of various circumstances that either alone or in combination qualify as extraordinary and compelling reasons for a sentence reduction." *Whitworth*, 2023 WL 8190131, at *2. Mr. Crider contends that the policy statements establish an extraordinary and compelling circumstance in his case because his father is incapacitated and in need of care. *See* U.S.S.G. § 1B1.13(b)(3)(C) ("The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.").

However, that policy statement does not apply here. Mr. Crider asserts that his father is 89 years old with a history of strokes and heart disease. His father lives alone in Evarts, Kentucky, has poor vision, and is at risk of falling or having a sudden medical emergency. Mr. Crider provides a letter from his father's nurse, who advises that it would be "most beneficial" for Mr. Crider to be able to take care of his father. [R. 63 at 18.] Mr. Crider also provides a letter from his sister, Lisa Cook. She states that Mr. Crider's father "needs" his son at home. *Id.* at 19.

The Court will deny the Motion for a couple of reasons. First, as the United States points out, "[t]he record is devoid of any information substantiating that his father is incapacitated or unable to reside alone."[1] [R. 66 at 3.] Mr. Crider's father's nurse states only that it would be

---

[1] The Bureau of Prisons' Guidance on Compassionate Release has defined incapacitated as follows:
> Suffered a serious injury, or a debilitating physical illness and the result of the injury or

3

"beneficial" for Mr. Crider to reside with his father. She advises that Mr. Crider's father has no mental impairments; however, because of his physical condition, he would greatly benefit from assistance with everyday tasks. The Court has no doubt that Mr. Crider's father would benefit from having a caregiver; but that fact is not sufficient to establish incapacitation. Secondly, Mr. Crider does not provide any evidence that he is the only available caregiver for his father. Indeed, the record establishes that he has a sister who is at least theoretically capable of assisting.[2] [R. 63 at 19.]

On these facts, the Court does not find that the cited policy statement applies to generate extraordinary and compelling circumstances. *United States v. Corley*, No. 3:13-cr-00097-9, 2021 WL 119640, at *1 (M.D. Tenn. Jan. 13, 2021) ("There is simply no factual predicate for the Court to find that [Mr. Crider's] family circumstances constitute extraordinary and compelling grounds for compassionate release, which typically requires a finding that the Defendant is the only available caregiver."); *United States v. Marshall*, No. 3:16CR-00004-JHM, 2020 WL 114437, at *3 (W.D. Ky. Jan. 9, 2020) (denying compassionate release when the record did not reflect incapacitation or lack of other caregivers). And Mr. Crider does not provide any other reason why extraordinary and compelling circumstances might exist.

Accordingly, while the Court is sympathetic to Mr. Crider's extremely difficult situation, the Motion will be denied. *See United States v. Akram*, 568 F. Supp. 3d 295, 298 (W.D.N.Y.

---

      illness is that the [parent] is completely disabled, meaning that the [parent] cannot carry on any self-care and is totally confined to a bed or chair; or A severe cognitive deficit (e.g., Alzheimer's disease or traumatic brain injury that has severely affected the [parent's] mental capacity or function), but may not be confined to a bed or chair.

Federal Bureau of Prisons, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g) 10 (2019), https://www.bop.gov/policy/progstat/5050_050_EN.pdf.

[2] Lisa Cook's letter states that she "ha[s] a content busy life in Oklahoma and cannot help like [she] would like to." [R. 63 at 19.]

4

2021) ("Unfortunately, families often suffer due to the criminal conduct and subsequent incarceration of one of their members, and Defendant's family is likely no exception to this harsh reality."). Having found no extraordinary and compelling circumstances, the Court need not address the § 3553(a) factors. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Mr. Crider's Motion for Compassionate Release **[R. 63]** is **DENIED**; and

2. The Court **RECOMMENDS** that the Bureau of Prisons transfer Mr. Crider to the FCI closest to his father's residence in **Evarts, Kentucky**.

This the 25th day of March, 2024.

Gregory F. Van Tatenhove
United States District Judge